IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| CHRIS SEVIER, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) 1:18-cv-550 (LMB/JFA) |
| | ) |
| ROBERT MUELLER, in his official capacity as | ) |
| Special Counsel, et al., | ) |
| | ) |
| Defendants. | |

ORDER

Before the Court is pro se plaintiff Lisa Boucher's ("Boucher") Motion for Reconsideration [Dkt. No. 7] and pro se plaintiff Chris Sevier's Emergency Motion to Set Aside, Reverse, and Reconsideration [sic] [Dkt. No. 9], in which they ask the Court to reconsider its order dismissing plaintiffs' Complaint for lack of jurisdiction [Dkt. No. 5].[1] Under Fed. R. Civ. P. 60(b), under which plaintiffs bring their Motions, relief from a final judgment is only available for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . , misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Plaintiffs do not specifically identify an entitlement to relief under any of the above categories; however, in deference to their pro se status, the Court has construed their Motions as appropriately asking for reconsideration due to "mistake." In their Motions, plaintiffs

---

[1] Plaintiffs have also filed Motions for a Preliminary Injunction [Dkt. Nos. 8 & 10]. Because the Court will deny the Motions for Reconsideration for the reasons discussed in this Order, the Motions for a Preliminary Injunction will be denied as moot.

primarily expand on the allegations contained in the Complaint and reemphasize their belief that the Special Counsel's investigation related to the 2016 presidential election violates the Establishment Clause. None of the arguments presented demonstrates a mistake warranting reconsideration. A Rule 60(b) motion is an "extraordinary remedy" and is not an appropriate avenue to simply relitigate an issue already decided or to ask a court to change its mind. See Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc., 674 F.3d 369, 378 (4th Cir. 2012). Plaintiffs' arguments cannot clear this hurdle.

Because plaintiffs have not demonstrated an appropriate "mistake" in the Order to entitle her to relief under Rule 60(b), it is hereby

ORDERED that plaintiff Lisa Boucher's Motion for Reconsideration [Dkt. No. 7] and plaintiff Chris Sevier's Motion to Set Aside, Reverse, and Reconsideration [Dkt. No. 9] be and are DENIED; and it is further

ORDERED that plaintiffs' Motions for a Preliminary Injunction [Dkt. Nos. 8 & 10] be and are DENIED AS MOOT.

To appeal this decision, plaintiffs must file a written Notice of Appeal with the Clerk of this Court within 60 days of the date of the entry of this Order. A written Notice of Appeal is a short statement stating a desire to appeal an order, including the date of the order plaintiffs want to appeal. Plaintiffs need not explain the grounds for appeal until so directed by the appellate court. Failure to file a timely Notice of Appeal waives plaintiffs' right to appeal this decision.

The Clerk is directed to forward copies of this Order to the United States Attorney's Office and plaintiffs, pro se.

Entered this 18 day of May, 2018.

Alexandria, Virginia

/s/
Leonie M. Brinkema
United States District Judge

/s/
Leonie M. Brinkema
United States District Judge