

John Gunter
1900 Diagonal Rd.
Alexandria, VA 22314

NIXIE        207   FE 1          0006/05/18
          RETURN TO SENDER
     ATTEMPTED - NOT KNOWN
        UNABLE TO FORWARD
BC: 22314579899    *0917-03531-14-39

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA

### Alexandria Division

| | |
|---|---|
| Chris Sevier, et al. | ) |
| Plaintiffs, | ) |
| v. | ) Civil Action No. 1:18cv550 |
| Robert Mueller, in his official capacity as Special Counsel, et al. | ) |
| Defendants. | ) |

### JUDGMENT

Pursuant to the order of this Court entered on 5/14/18 and in accordance with Federal Rules of Civil Procedure 58, JUDGMENT is hereby entered in favor of the defendants and against the plaintiffs.


FERNANDO GALINDO, CLERK OF COURT

By:_____/s/_____
Kathy Lau
Deputy Clerk

Dated: 5/14/18
Alexandria, Virginia

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

CHRIS SEVIER, et al.,                    )
                                         )
            Plaintiffs,                  )
                                         )
    v.                                   )    1:18-cv-550 (LMB/JFA)
                                         )
ROBERT MUELLER, in his official capacity as )
    Special Counsel, et al.,             )
                                         )
            Defendants.                  )

ORDER

Before the Court[1] is a Complaint filed by pro se[2] plaintiffs Chris Sevier, Lisa Boucher,

Rich Penkoski, Greg Quinland, and John Gunter, Jr. (collectively, "plaintiffs") against defendants

Robert Mueller, James Comey, Zainab Ahmad, Greg Andres, Rush Atkinson, Ryan Dickey,

Michael Dreeben, Kyle Freeny, Andrew Goldstein, Adam Jed, Scott Meisler, Elizabeth Prelogar,

James Quarles, Jeannie Rhee, Brian Richardson, Brandon Van Grack, Andrew Weissmann, Aaron

Zebly, Aaron Zelinsky, Lisa Page, Peter Strzok, Dan Richman, Krisann Hodges, and Jeff Bivins,

all in their official capacities.[3] The gravamen of plaintiffs' Complaint is that the federal

defendants' participation in the Special Counsel's investigation of links between the Russian

government and President Donald Trump (the "Investigation") is ultra vires, a "sham," and "rife

---

[1] Although plaintiffs requested that this civil action be directly assigned to the Honorable District
Judge T.S. Ellis, III, it was entered into the court's regular assignment system and randomly
assigned to the undersigned.
[2] At least one of the plaintiffs is an attorney; however, because he is not admitted to practice before
this court, plaintiffs are proceeding pro se.
[3] According to the Complaint, Krisann Hodges is an official with the Tennessee Board of
Professional Responsibility and Jeff Bivins is the Chief Justice of the Tennessee Supreme Court.
They will be referred to as the "state defendants." The remaining defendants, all of whom are
alleged to be current or former officials or agents of the Department of Justice or the Federal
Bureau of Investigation, will be referred to as the "federal defendants."

with abuse of process, malicious prosecution, and Constitutional malpractice" because "there was no Russian 'Collusion.'" Compl. [Dkt. No. 1] ¶¶ 1-2. According to plaintiffs, the Investigation violates the Establishment Clause, the Equal Protection Clause, and substantive due process.[4] See U.S. Const. amend. I ("Congress shall make no law respecting an establishment of religion . . . ."); id. amend. V ("No person shall . . . be deprived of life, liberty, or property, without due process of law . . . ."); Bolling v. Sharpe, 347 U.S. 497, 499-500 (1954) (holding that the Fourteenth Amendment's prohibition on denying the equal protection of the laws is made applicable to the federal government through the Due Process Clause of the Fifth Amendment). Accordingly, plaintiffs seek an injunction requiring the federal defendants to terminate the Investigation. Compl. 41-42.

Because federal courts are "courts of limited jurisdiction" and "possess only that power authorized by Constitution and statute," a court must "presume[] that a cause lies outside this limited jurisdiction" and "the burden of establishing the contrary rests upon the party asserting jurisdiction." Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). For the Court to have jurisdiction the complaint must allege facts that demonstrate the presence of all necessary jurisdictional elements. See DiPaolo v. State Farm Fire & Casualty Co., 794 F. Supp. 2d 633, 634 (E.D. Va. 2011). This Complaint lacks facts supporting two necessary aspects of the Court's jurisdiction, standing and subject matter jurisdiction.

---

[4] Plaintiffs also allege that the state defendants, in an apparently unrelated set of events, have prevented plaintiff Sevier from bringing "pro-life litigation, pro-traditional marriage litigation . . . and anti-human trafficking litigation" on behalf of the remaining plaintiffs in Tennessee, in violation of the Establishment Clause. Compl. ¶¶ 80-83, 93-94. Plaintiffs seek an injunction preventing the state defendants "from taking any additional action that interferes with Plaintiffs [sic] Sevier's representation of his co-Plaintiffs in Federal District Court actions." Id. at 42.

The Constitution limits the federal judiciary to the adjudication of "cases" and "controversies." U.S. Const. art. III. Inherent in this limitation is the requirement that a plaintiff must establish standing, which means that the plaintiff must "allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." Hein v. Freedom from Religion Found., Inc., 551 U.S. 587, 598 (2007) (quoting Allen v. Wright, 468 U.S. 737, 751 (1984)). As the Supreme Court has stated:

> The constitutionally mandated standing inquiry is especially important in a case like this one, in which taxpayers seek to challenge laws of general application where their own injury is not distinct from that suffered in general by other taxpayers or citizens. This is because the judicial power of the United States defined by Art[icle] III is not an unconditioned authority to determine the constitutionality of legislative or executive acts. The federal courts are not empowered to seek out and strike down any governmental act that they deem to be repugnant to the Constitution. Rather, federal courts sit solely, to decide on the rights of individuals and must refrain from passing upon the constitutionality of an act unless obliged to do so in the proper performance of our judicial function, when the question is raised by a party whose interests entitle him to raise it.

Id. at 598-99 (citations, internal quotation marks, and alterations omitted).

Plaintiffs appear to raise two different theories to support standing. They allege at various points in the Complaint that they have been injured by the Investigation because the Investigation has prohibited President Trump "from adequately overseeing his Department of Justice," which allegedly has prevented the Department of Justice from implementing policies that plaintiffs favor, and has "communicate[d] to everyone who voted for President Trump . . . that they are second class citizens whose vote is irrelevant." Compl. ¶ 4. These general allegations fail to allege the constitutional requirements for standing, which include, among other things, that the alleged injury be concrete, particularized, fairly traceable to defendants' conduct, and likely to be redressed by a favorable decision. See Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1547-49 (2016). Plaintiffs' claimed injuries are not concrete, because they rely on general dissatisfaction with the policies

pursued by the Department of Justice rather than on any specific cognizable harm; they are not particularized, because they are shared by the 46.1% of the voting public—more than 62 million people—who voted for the President; they are not fairly traceable to defendants' conduct, because there are no plausible allegations that in the absence of the Investigation, the Department of Justice would have pursued any specific policies favorable to plaintiffs; and they are not likely to be redressed by a favorable decision, because it is outside the purview of this Court to moderate the relationship between a President and his or her executive branch appointees.

Plaintiffs also claim that they "have standing under their Establishment Clause claims as taxpayers under Flast v. Cohen, 392 U.S. 83 (1968)." Id. ¶ 4 n.1. This argument fails for two separate reasons. First, the Supreme Court has read Flast as only "recogniz[ing] a narrow exception to the general rule against federal taxpayer standing" that allows "a plaintiff asserting an Establishment Clause claim . . . to challenge a law authorizing the use of federal funds in a way that allegedly violates the Establishment Clause." Hein, 551 U.S. at 593. Importantly, the Supreme Court has explicitly held that Flast does not apply where Congress does not "specifically authorize" the challenged use of the funds but instead the funds are part of "general Executive Branch appropriations" and are put to the allegedly unconstitutional use by Executive Branch officials. Id. In the Complaint, plaintiffs do not allege that the funding for the Investigation has been specifically appropriated by Congress in a way that violates the Establishment Clause.[5] Accordingly, they do not have standing under Flast. Moreover, plaintiffs have not alleged a plausible violation of the Establishment Clause, as discussed below, which means that even if

---

[5] Indeed, it appears that plaintiffs could not so allege. The "special counsel's investigation is not spending money that was appropriated by Congress beyond regular Justice Department funds; the costs are coming out of the existing budget." Nicholas Fandos, Special Counsel Investigation Has Cost at Least $6.7 Million, N.Y. Times (Dec. 5, 2017), https://nyti.ms/2nrZ9Nq.

plaintiffs had alleged that the funds in question were appropriated by Congress, their claims still would not fall into the narrow <u>Flast</u> exception to the general prohibition on taxpayer standing. Therefore, plaintiffs do not have standing to bring their claims against the federal defendants and this Court does not have jurisdiction over these claims.

In addition to the plaintiffs not having standing to bring this litigation, the Court does not have subject matter jurisdiction over plaintiffs' claims against the federal defendants. 28 U.S.C. § 1331 vests this Court with jurisdiction over any civil action "arising under the Constitution, laws, or treaties of the United States."[6] For jurisdiction to be proper under § 1331, "a federal question must be present on the face of the plaintiff's well-pleaded complaint." <u>DiPaolo</u>, 794 F. Supp. 2d at 634. Merely citing to the Constitution is not enough to establish federal question jurisdiction; instead, the Complaint must contain sufficient factual allegations to allege a plausible violation of the Constitution. See <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 679 (2009); <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007).

According to the Complaint, the Investigation violates the Establishment Clause[7] because it "is a non-secular sham that is excessively entangling the government with the religion of Secular

---

[6] Plaintiffs claim that "[j]urisdiction is based on 28 U.S.C. § 1343 and 42 U.S.C. § 1983 for claims arising under the United States Constitution." Compl. ¶ 12. Given that § 1331, not § 1343, is the provision that authorizes jurisdiction for claims "arising under the Constitution . . . of the United States," this appears to be a drafting error; however, in the spirit of construing <u>pro se</u> pleadings liberally, the Court will analyze its jurisdiction under § 1331. In any event, the plain language of 28 U.S.C. § 1343 is narrower than § 1331 and 42 U.S.C. § 1983 contains no jurisdiction granting provision at all. Accordingly, if jurisdiction is not granted by § 1331, it could not be granted by § 1343 or § 1983.

[7] Plaintiffs also allege a violation of the Fifth Amendment. See Compl. ¶¶ 89-92. Even reading the pleading with the deference due to <u>pro se</u> plaintiffs, the Court is unable to find any factual allegations that are connected to plaintiffs' Fifth Amendment claim, which plaintiffs appear to recognize because their allegations related to the propriety of injunctive relief and their requested relief only involve the Establishment Clause. See <u>id.</u> at 39-42. In addition, as discussed above, federal taxpayer standing under <u>Flast</u> applies only to Establishment Clause claims, which provides

Humanism" and because the "goal of the investigation is to discredit and embarrass the President and his supporters; to create a cloud of impropriety over the Republican party and its supporters; and to cultivate a basis for impeachment because they have a different set of religious values than the Defendants." Compl. ¶¶ 86-87. These claims fail to allege a violation of the Establishment Clause because they consist solely of conclusory assertions that defendants are motivated in whole or in part by their or plaintiffs' religion, unsupported by any factual allegations demonstrating any connection of the Investigation to any religion. Indeed, plaintiffs have failed to allege any plausible facts to show that the Investigation, which has been undertaken concurrent with multiple congressional investigations of Russian interference into the 2016 presidential election and which has already produced formal charges of federal crimes against three entities and nineteen individuals, five of whom have pleaded guilty, was undertaken for any reason other than those stated publicly by the Department of Justice. Accordingly, plaintiffs have failed to allege a violation of the Constitution, and this Court does not have subject matter jurisdiction under 28 U.S.C. § 1331 with respect to the federal defendants.

Turning to the state defendants, the only allegation in the Complaint concerning their conduct is that they have undertaken an investigation into plaintiff Sevier, an attorney, which has resulted in his inability to represent the other plaintiffs "in pro-Christian litigation," in violation of the Establishment Clause. Compl. ¶¶ 81-83. This Establishment Clause claim must be dismissed for three reasons. First, plaintiffs have failed to allege any facts showing that the state defendants' investigation of Sevier is related to, or motivated by, his or their religion. Accordingly, plaintiffs have failed to allege a plausible violation of the Constitution and this Court lacks subject matter

---

an independent jurisdictional bar to this Court's ability to consider plaintiffs' Fifth Amendment claims.

jurisdiction over their claim. Additionally, plaintiffs have failed to allege any facts that demonstrate that any of the events or omissions related to the state defendants' investigation occurred in this district or that the state defendants, both of whom are Tennessee officials, have any connection to the Commonwealth of Virginia. Therefore, plaintiffs have not plausibly alleged sufficient facts to make out a prima facie showing that venue is appropriate in this district, see 28 U.S.C. § 1391, or that this Court may exercise personal jurisdiction over the state defendants, see Burger King Corp. v. Rudzewicz, 471 U.S. 462 (1985). Therefore, the claim against the state defendants must also be dismissed.

Accordingly, for all these reasons, it is hereby

ORDERED that the Complaint be and is DISMISSED WITHOUT PREJUDICE.[8]

To appeal this decision, plaintiffs must file a written Notice of Appeal with the Clerk of this Court within 60 days of the date of the entry of this Order. A written Notice of Appeal is a short statement stating a desire to appeal an order, including the date of the order plaintiffs want to appeal. Plaintiffs need not explain the grounds for appeal until so directed by the appellate court. Failure to file a timely Notice of Appeal waives plaintiffs' right to appeal this decision.

The Clerk is directed to enter judgment pursuant to Fed. R. Civ. P. 58, to forward copies of this Order to counsel of record, the United States Attorney's Office, and plaintiffs, pro se, and to close this civil action.

Entered this 14th day of May, 2018.

Alexandria, Virginia

/s/

Leonie M. Brinkema
United States District Judge

---

[8] The dismissal is without prejudice because the Court does not have jurisdiction over this civil action; however, for the reasons stated in this Order, these jurisdictional defects would not be cured by amending the Complaint. Therefore, plaintiffs do not have leave to amend.